UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 03-15-JMH

UNITED STATES OF AMERICA,                                                                      PLAINTIFF,

V.   **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

HUGH RUSSELL CAMPBELL,                                                                         DEFENDANT.

## I. INTRODUCTION

The Defendant, Hugh Russell Campbell, brings this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. [R. 31]. Consistent with local practice, the matter is before the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The relevant response [R. 33] and reply [R. 35] have been filed. The matter been fully briefed, it is ripe for consideration. For the following reasons, the Court recommends that Campbell's motion be denied.

## II. FACTUAL & PROCEDURAL BACKGROUND

Hugh Russell Campbell was indicted on charges involving the sexual exploitation of a minor. [R. 31-1]. On June 22, 2004, Campbell entered a guilty plea to Counts 2 through 20 of the Superseding Indictment and was sentenced to three hundred and sixty (360) months imprisonment. [R. 31; R. 31-1]. Campbell did not appeal his conviction or sentence. [R. 33].

On February 16, 2012, Campbell filed the current motion to vacate, alleging one claim of ineffective assistance of counsel. [R. 31]. He contends that his court-appointed attorney performed so ineffectively that it is grounds to remand his case for resentencing. [R. 31-1]. Specifically,

Campbell argues that counsel was ineffective for failing to object to the base offense level increases listed in the Presentence Report because the increases constituted double punishment or double counting. [R. 31-1]. Campbell claims that the base offense level increases resulted in an increase to his sentencing guideline range. [R. 31-1]. He requests that the Court remand his case and resentence him under a lower guideline range. [R. 31-1]. The United States argues that Campbell's § 2255 motion should be dismissed as untimely. [R. 33]. For reasons explained more fully below, the Court recommends that Campbell's motion be denied.

### III. STATUTE OF LIMITATIONS

A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations. Benitez v. U.S., 521 F.3d 625, 629 (6th Cir. 2008). The one-year limitations period applicable to a § 2255 motion runs from the latest of four triggering events, the first of which is " the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Judgment upon Campbell's plea of guilty was entered by the United States District Court for the Eastern District of Kentucky on June 22, 2004. [R. 30; R. 33]. He did not appeal the judgment of conviction. [R. 33].

When a prisoner does not take a direct appeal from his conviction, the conviction becomes final when the time for filing a notice of appeal expires. Sanchez-Castellano v. U.S., 358 F.3d 424, 427 (6th Cir. 2004). The Defendant had ten days to file an appeal to the Sixth Circuit Court of Appeals.[1] Fed. R. App. P. 4(b)(1)(A). Therefore, Campbell's conviction became final on July 2, 2004. Pursuant to 28 U.S.C. § 2255(f), the one year limitations period began to run on July 3, 2004,

---

[1] In a criminal case, the time for filing a notice of appeal has been amended to allow a defendant fourteen (14) days to file notice after the entry of either the judgment or the order being appealed. Fed.R.App.P. 4(b)(1)(A)(i). However, federal court is to apply the rule of law that is in effect at time that court renders its decision. Wilmer v. Tennessee Eastman Co., a div. of Eastman Kodak, 919 F.2d 1160 (6th Cir. 1990).

and Campbell had until July 5, 2005, to file a habeas corpus motion with this Court.[2]

Campbell filed the current § 2255 motion on February 16, 2012; that is approximately six (6) years, seven (7) months, and twelve (12) days after the expiration of the applicable limitations period. Because the applicable deadline for timely filing his § 2255 motion ran over six (6) years prior to Campbell's filing, the present motion was not timely under 28 U.S.C. § 2255(f)(1).

## IV. EQUITABLE TOLLING

Because Campbell's motion was not timely under § 2255(f)(1), the Court will address whether he is entitled to equitable tolling. The doctrine of equitable tolling allows courts to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (*quoting* Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.36 552, 560-561 (6th Cir. 2000)). In Holland v. Florida, 130 S. Ct. 2549, 2560 (U.S. 2010), the Supreme Court held that the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases." However, the doctrine of equitable tolling is used sparingly by federal courts. Robertson, 624 F.3d at 784 (internal citation omitted). The party seeking equitable tolling bears the burden of proving he is entitled to it. Id. A habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing. Id. For the following reasons, the Court finds that Campbell is unable to establish that he is entitled to equitable tolling.

---

[2] See Fed. R. App. P. 26(a)(1)(A) ("exclude the day of the event that triggers the period") and Fed. R. App. P. 26(a)(1)(C) ("include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

3

Campbell contends that his medical condition has resulted in his frequent transfer between medical and non-medical Bureau of Prisons ("BOP") facilities and that such transfers have precluded him from conducting legal research to learn of the one-year statute of limitations as well as the law and facts relating to the challenge he makes to the validity of his sentence. [R. 33]. Further, he claims that his property was lost on two separate occasions during his frequent transfers and as a result he had to restart the research process. [R. 35]. Campbell also states that some of the medications he was required to take in response to his medical problems affected his memory from one day to another. [R. 35]. All of these arguments deal with Campbell's claim that he was unaware of the filing deadline; therefore, the Court will construe the arguments as a lack of constructive knowledge of the filing deadline 28 U.S.C. § 2255(f)(1).

The Sixth Circuit Court of Appeals held that the AEDPA establishes that state and federal prisoners have a one-year limitations period in which to file a habeas corpus petition. Johnson v. United States, 2012 WL 171379 (6th Cir. 2012). In a separate opinion, the Court held that the text of 28 U.S.C. § 2244(d)(6) itself provided a petitioner with notice that the limitations period begins to run at the conclusion of direct review. Allen v. Bell, 250 Fed.App 713, 715 (6th Cir. 2007).

In this case, Campbell's claims do not entitle him to equitable tolling. As indicated by the United States' Response, there were times when Campbell was incarcerated in one facility for well over one year. [R. 33]. Campbell replies that during those times that he was at a particular facility for year or more, it would take so long to receive his legal documents that it would be time for another transfer before he could perform the necessary legal research to file his motion. [R. 35]. His claims do not warrant tolling of the one-year limitation because the arguments are based on his lacked of knowledge of the filing requirement. In U.S. v. Miller, 2010 WL 5067694, at *2 (E.D. Ky.

4

Nov. 17, 2010), the Court found where a Movant lacks actual knowledge of the relevant provisions of AEDPA, the Sixth Circuit has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling. The Court finds no reason under the facts presented by Campbell to hold otherwise. Because Campbell's arguments are based on his lack of knowledge of the filing deadline, he is not entitled equitable tolling.

V. CONCLUSION

For the reasons set forth above, it is recommended that the Campbell's Motion to Vacate, Set Aside, or Correct Sentence [R. 31] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed June 19, 2012.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge